UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHIEF MAESTRO CHAVEZ, *d/b/a Reason, Logic & Law*; PLAINTIFF UNDER SEAL; JOHN/JANE DOE 1-9, *et al.*,

Plaintiffs,

-against-

SGT. FINNEY, #3281, 3271; THE PEOPLE OF THE STATE OF NEW YORK; JOHN/JANE DOES 1-789,

Defendants.

---

19-CV-4109 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights, along with an application to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order. Any amended complaint must include Plaintiff's real name, correct address, and signature.[1] The Court grants Plaintiff IFP status for the limited purpose of responding to this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

---

[1] It is unclear how many plaintiffs are bringing this action, but the complaint uses the singular "Plaintiff" and the male pronoun. Accordingly, the Court also refers to a single Plaintiff and uses the male pronoun.

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff captions this action as being brought on behalf of "Plaintiff Under Seal, John/Jane DOE 1-9, et al." (ECF No. 2, at 1.) The first page of the complaint inexplicably includes an address block for the clerk of Judge Johnson of the Supreme Court of Queens County, along with a case number and what is labeled as a "custody" number. (*Id.*) Below the Queens Court address block Plaintiff "cc's" "c/o d/b/a Reason, Logic & Law," located at "322 W. 48th St. (Local 802 AFM), Manhattan, NY." (*Id.*) The return address on the envelope received by the Clerk's office indicates that the complaint was mailed by "Chief Maestro Chavez, c/o AFM Local 802, 322 W. 48th St., Manhattan, NY 10036." (*Id.* at 12.) Plaintiff signed his complaint "John Doe 1-9, Sui Juris." (*Id.* at 9.)

 Plaintiff also filed an IFP application that includes the same addresses for Judge Johnson's clerk and Reason, Logic & Law that are listed on the complaint. (ECF No. 1.) Plaintiff signed his IFP application "John Doe 1-9." (*Id.*)

In his complaint, Plaintiff makes a number of allegations relating to what he claims was a false arrest. He sues "Sgt. Finney, #3281, #3171, The People of the State of NY, John/Jane Does 1-789, et al."

## DISCUSSION

### A.    Plaintiff's Name and Signature

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Courts, however, have permitted parties to proceed anonymously in a limited number of exceptions. In deciding whether to permit a party to proceed anonymously, the United States Court of Appeals for the Second Circuit has articulated a nonexhaustive list of ten factors that courts should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted).

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a).

The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff fails to include his name and signature on the complaint or IFP application. Plaintiff also fails provide any reason why the Court should permit him to proceed anonymously. If Plaintiff wishes to proceed with this action, he must file an amended complaint that complies with the instructions set forth below within 60 days of the date of this order.

**B.      Multiple Plaintiffs**

The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "[A]ppearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).

It is unclear from the complaint if this action is filed on behalf of multiple plaintiffs. In the event that multiple *pro se* plaintiffs are filing this action, each plaintiff must provide their name and signature on the amended complaint and each plaintiff must file their own completed IFP application.

**C.      Leave to Amend**

Plaintiff is granted leave to amend his complaint to detail his claims. Plaintiff must include his real name in the caption of his amended complaint.[2] If Plaintiff wishes to proceed anonymously, he must file, along with his amended complaint, a motion to proceed anonymously

---

[2] The caption is located on the front page of the complaint.

that states the reasons why the Court should permit him to do so. Any amended complaint or motion to proceed anonymously must include Plaintiff's real name, correct address, and signature. Plaintiff may request that his complaint and IFP application be filed so that it is viewable by court staff only. If the Court grants his motion, Plaintiff will be permitted to proceed as John Doe and his identity will not be disclosed. If multiple plaintiffs seek to file an amended complaint, each plaintiff must include in the complaint his or her real name, correct address, and signature.

If Plaintiff files an IFP application along with his amended complaint, that IFP application must also include Plaintiff's name, address, and signature. Plaintiff may also request that his IFP application be filed so that it is viewable by court staff only. If multiple plaintiffs are seeking to proceed IFP, each plaintiff must file his or her own IFP application that includes his or her real name, correct address, and signature.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff at the address listed on the docket, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4109 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

      The Clerk of Court is directed to docket this as a "written opinion" within the meaning of

Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

  Dated:    July 15, 2019
            New York, New York

                                      Louis L. Stanton
                                        U.S.D.J.

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span>
S<span>OUTHERN</span> D<span>ISTRICT OF</span> N<span>EW</span> Y<span>ORK</span>

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED**

**COMPLAINT**

-against-

under the Civil Rights Act,
42 U.S.C. § 1983

_____
_____
_____
_____
_____
_____
_____
_____

Jury Trial: ☐ Yes   ☐ No

(check one)

___ Civ. _____ (    )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

Defendant No. 2     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


Defendant No. 3     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____

Who did
what?

Defendant No. 4     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


Defendant No. 5     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

        _____
        _____


B.      Where in the institution did the events giving rise to your claim(s) occur?

        _____


C.      What date and approximate time did the events giving rise to your claim(s) occur?

        _____
        _____
        _____


D.      Facts:_____

What
happened
to you?
        _____
        _____
        _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____

| Who else saw what happened? |

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

    Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____    No _____    Do Not Know _____

       If YES, which claim(s)?
       _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____    No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
       _____

       1.      Which claim(s) in this complaint did you grieve?
        _____

        _____

       2.      What was the result, if any?
        _____

        _____

       3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
       _____
       _____
       _____
       _____

F.      If you did not file a grievance:

       1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

    2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
        judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

               Signature of Plaintiff      _____

               Inmate Number               _____

               Institution Address         _____

                                           _____

                                           _____

                                           _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering

this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for

the Southern District of New York.

               Signature of Plaintiff:  _____