UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/15/20
```

JUAN PABLO CHAVEZ,

      Plaintiff,

-against-

JOHN/JANE DOE 1-9; SGT. FINNEY, #3281, 3271; BRC "THE BOULEVARD"; THE MOUNT SINAI HOSPITAL; ADT RECOMMENDER; THE 730 PSYCHS; AMERICAN RED CROSS; DHS OFFICE OF THE OMBUDSMAN,

      Defendants.

19-CV-4109 (RA)

ORDER OF SERVICE

RONNIE ABRAMS, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated October 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed the initial complaint under the name "Plaintiff Under Seal, John/Jane Doe 1-9, et al" and named as Defendants Sgt. Finney; #3281; #3271; the People of the State of New York; and "John/Jane Does 1-789, et al." Dkt. 2. The initial complaint alleged, *inter alia*, that Plaintiff was subject to an unlawful arrest while he was engaged in religious worship. The complaint plead discrimination based on race, religion, and socio-economic background; First Amendment violations; Fourth Amendment violations; Fifth Amendment violations; Sixth Amendment violations; Eighth Amendment violations; Eleventh Amendment violations; Fourteenth Amendment violations; Lanham Act violations; false arrest; unlawful detention;

slander; R.I.C.O. violations; false imprisonment; wrongful imprisonment; Hobbs Act violations; and disturbance of worship.

On July 15, 2019, Judge Stanton directed Plaintiff to file an amended complaint that includes his real name, correct address, and signature. Dkt. 3. On September 13, 2019, Plaintiff filed an amended complaint that includes his name, address, and signature. Dkt. 5. In the amended complaint, Plaintiff named as Defendants Sgt. Finney of the Port Authority of New York and New Jersey, "BRC 'The Boulevard,'"[1] "Elmhurst CPEP," Mount Sinai Hospital,[2] "ADT Recommender," the "730 Psychs," the "DHS Office of the Ombudsman," "possibly the DOB/American Red Cross," and "John/Jane Does 1–9, et al." whose shield numbers are listed as 3281 and 3271. *Id.* at 1-2. Plaintiff alleges that Sgt. Finney violated his rights.

Plaintiff uses the Court's Amended Civil Rights Complaint form. In the section labeled "Statement of Claim," Plaintiff organizes his claims into four paragraphs: First, he purports to incorporate by reference his original complaint (which he attaches as an exhibit) and a complaint that he filed in the Northern District of Texas.

Second, Plaintiff claims, "Homeless service entities are conspiring with the DOB, American Red Cross, police officials, hospitals, and jails, et al., to keep people without sound boundary conditions . . . deem them mentally incompetent, criminal and halt progress-and-fair-competition in business, in order to promote themselves in their gangs." *Id.* at 3.

Third, Plaintiff states that he "is not mentally ill" and is "innocent and not a criminal." He states that he is "a prolific writer/inventor and deserves to hold [t]itles for his deeds commensurate to/with services rendered." *Id.*

---

[1] "BRC" appears to stand for "Bowery Residents Committee." *See* Dkt. 5 at 2.

[2] Plaintiff alternatively refers to Mount Sinai Hospital as "Mount Sinai 'Mad 5' Hospital." *See* Dkt. 5 at 1.

3

Fourth, Plaintiff writes, "The psychs at the Queens 730 screening in 2019 told Plaintiff he was facing 13 years in a psych ward for a purported train hopping violation from 2013 that had already been dismissed, and allegedly occurred in Brooklyn. Shocking to the conscious! [sic] Plaintiff was arrested by New Jersey authorities in Manhattan!" *Id.*

In his request for relief, Plaintiff directs the Court to "incorporate by reference" the relief he seeks in Exhibit B to his amended complaint. *Id.* at 6. Exhibit B, in turn, provides citations to previous cases Plaintiff has filed and requests that the relief sought in those cases be incorporated by reference. Plaintiff also seeks to incorporate by reference the relief sought in Exhibit C to his amended complaint. Exhibit C appears to contain, *inter alia*, an email exchange between Plaintiff and a representative of Public Access to Court Electronic Records (PACER), an email exchange between Plaintiff and Robin Tarnofsky of the New York Legal Assistance Group, and briefing from a case Plaintiff brought in the U.S. District Court for the Central District of California.

## DISCUSSION

### A. Plaintiffs' Claims against BRC, Elmhurst CPEP, Mount Sinai Hospital, ADT Recommender, The 730 Psychs, American Red Cross, and the DHS Office of the Ombudsman are Dismissed

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Here, Plaintiff fails to allege facts suggesting that Defendants BRC, Elmhurst CPEP, Mount Sinai Hospital, ADT Recommender, the 730 Psychs, the American Red Cross, and the DHS Office of the Ombudsman violated his federal rights. Moreover, it appears that Defendants BRC, Elmhurst CPEP, Mount Sinai Hospital, ADT Recommender, and the American Red Cross are not state actors for the purposes of § 1983.

4

Plaintiff's claims against the Office of the Ombudsman of the New York City Department of Homeless Services must be dismissed because an agency of the City of New York cannot be sued. *See* N.Y. City Charter, Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). "Instead, the City is generally the proper defendant when a plaintiff seeks to bring an action pursuant to the official acts and/or inaction of an agency of the City." *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010).

It appears that the "730 Psychs" that Plaintiff sues are doctors who examined Plaintiff under New York Criminal Procedure Law (C.P.L.) § 730. Courts in this Circuit have applied quasi-judicial immunity to medical professionals who conduct court-ordered examinations and prepare reports pertaining to a defendant's competency to stand trial. *See Walton v. Rubel*, No. 16-CV-1989, 2018 WL 3369664, at *3 (E.D.N.Y. July 10, 2018) (collecting cases); *Inesti v. Hicks*, No. 11-CV-2596 (PAC)(AJP), 2012 WL 2362626, at *16 (S.D.N.Y. June 22, 2012), *report and recommendation adopted by* 2012 WL 3822224 (S.D.N.Y. Sept. 4, 2012); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Absolute immunity has extended to . . . court-appointed doctors and psychiatrists. . . ."), *aff'd*, 434 F. App'x 32 (2d Cir. 2011). To the extent Plaintiff is asserting claims against doctors who examined him pursuant to C.P.L. § 730, those actions were taken in connection with a court-ordered competency examination, and those doctors are thus immune from suit.

The Court therefore dismisses Plaintiff's claims against these Defendants. 28 U.S.C. § 1915(e)(2)(B)(ii). District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill*

*v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### B. Service on Sgt. Finney

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Sgt. Finney of the Port Authority of New York and New Jersey through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.   Service on the John and Jane Doe Defendants

Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. "The district court may pursue any course that it deems appropriate to a further inquiry into the identity" of an unknown defendant, including "enlist[ing] the assistance of the City." *Id.* at 76. In the initial and amended complaint, Plaintiff supplies sufficient information to permit Port Authority of New York and New Jersey to identify the John and Jane Doe Defendants with shield numbers 3281 and 3271 who were stationed at Port Authority on April 20, 2019 and involved in the alleged search and arrest of Plaintiff. It is therefore ordered that Port Authority of New York and New Jersey shall ascertain the identities of the John and Jane Doe Defendants whom Plaintiff seeks to sue here and the addresses where these Defendants may be served. Port Authority of New York and New Jersey shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John and Jane Doe Defendants. The second amended complaint will replace, not supplement, the amended complaint. An amended complaint form is attached to this order.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's claims against Defendants BRC, Elmhurst CPEP, Mount Sinai Hospital, ADT Recommender, the 730 Psychs, the American Red Cross, and the DHS Office of the Ombudsman *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

7

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, together with an information package, at the two addresses Plaintiff listed on the first page of his amended complaint.

The Clerk of Court is further respectfully directed to complete the USM-285 forms with the address for Sgt. Finney and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is further respectfully directed to serve a copy of this Order on Port Authority of New York and New Jersey.

Port Authority of New York and New Jersey shall ascertain the identities of the officers whom plaintiff seeks to sue here and the addresses where those officers may be served. Port Authority of New York and New Jersey shall provide this information to plaintiff and the Court within sixty days of the date of this order.

Plaintiff shall file a Second Amended Complaint naming the John and Jane Doe Defendants within thirty days of receiving this information from the Port Authority of New York and New Jersey.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 15, 2020
       New York, New York

RONNIE ABRAMS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESS

1. Sergeant Finney
   Port Authority of New York and New Jersey
   4 World Trade Center, 24th Floor
   New York, New York 10007

2. John and Jane Doe Defendants with Shield Numbers 3281 and 3271
   Port Authority of New York and New Jersey
   4 World Trade Center, 24th Floor
   New York, New York 10007