UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JUAN PABLO CHAVEZ,

                     Plaintiff,

         -against-

SGT. FINNEY, et al.,

                  Defendants.

19cv04109 (RA) (DF)

**ORDER**

-----------------------------------------------------------------

**DEBRA FREEMAN, United States Magistrate Judge:**

       The Court having held a telephonic case management conference on November 24, 2020, with plaintiff Juan Pablo Chavez ("Plaintiff"), who is proceeding in this action *pro se*, and counsel for defendant Sgt. Finney, it is hereby ORDERED, as stated at the conference, as follows:

       1.     Counsel for defendant Finney is directed to forward to my Chambers:

           a.     a copy of the email that counsel reportedly received from Plaintiff (and which, according to Plaintiff, was also sent to the Court's *Pro Se* Office), containing a request by Plaintiff for the U.S. Marshals Service to assist in serving process on defendants Totorice and Streicher, and

           b.     the addresses where these defendants may be served.

       2.     Despite this Court's prior Order that Plaintiff respond to defendant Finney's outstanding interrogatories and document requests by November 6, 2020, Plaintiff informed this Court at the November 24 conference that he did not provide his responses because he objects to the discovery requests as overbroad.  As explained at the conference, Plaintiff is required to respond, in writing, to discovery requests.  If Plaintiff has objections to particular discovery requests, then he must state those objections, with specificity, in his written responses.  *See*

Fed. R. Civ. P. 33(b)(2) ("The responding party [to interrogatories] must serve its answers and any objections . . . ."); 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); 34(b)(2)(B) ("For each item or category [of documents requested], the response must either state that inspection and related activities will be permitted as requested [or that documents will be produced] or state with specificity the grounds for objecting to the request, including the reasons."); 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest.").  As this Court recognizes that Plaintiff, in light of his *pro se* status, may not have understood this obligation, his time to respond to the outstanding interrogatories shall be extended to **December 8, 2020**.

3.     Plaintiff may respond to defendant Finney's discovery requests by email.  If, however, he informs defendant's counsel that he is unable to respond electronically and that he lacks the funds to be able to afford postage, then defendant's counsel is directed to provide Plaintiff with a self-addressed, stamped envelope to facilitate the process of securing Plaintiff's responses.

4.     Plaintiff is cautioned that his continued failure to comply with Court orders or to cooperate in the discovery process may result in sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, such as an order directing that certain facts be taken as established, prohibiting Plaintiff from supporting certain claims or opposing certain defenses, striking Plaintiff's pleading in whole or in part, staying the case until Plaintiff complies with his obligations, or dismissing the action in whole or in part.

5.     This Court had also directed Plaintiff to return to counsel for defendant Finney signed authorizations for the release of certain records, including records relating to Plaintiff's arrest, as alleged in the Amended Complaint.  Plaintiff, however, has indicated that he will have difficulty having his signature on the authorizations notarized.  Counsel for defendant Finney is therefore directed to contact the records providers to learn whether they will accept authorizations that are not notarized, and, if necessary, to explore ways to assist Plaintiff in securing the necessary notarizations.  Also, if Plaintiff's ability to afford postage is again an issue, then counsel is directed to provide Plaintiff with a self-addressed, stamped envelope for the return of the executed authorizations.  Counsel is directed to update this Court by December 4, 2020 regarding the status of defendant's efforts to obtain the executed authorizations from Plaintiff.

6.     No later than December 18, 2020, the parties are directed to submit a joint status report to this Court regarding the overall progress of discovery.

7.     The Clerk of Court is directed to mail a copy of this Order to Plaintiff, at the address shown below.

Dated:  New York, New York
         November 24, 2020

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Juan Pablo Chavez
c/o Reason, Law and Logic
151 1st Ave., #270
New York, NY  10003

Defendant's counsel (via ECF)

3