UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

JUAN PABLO CHAVEZ,

                       Plaintiff,

      -against-

SGT. FINNEY, et al.,

                       Defendants.

19cv04109 (RA) (DF)

**ORDER OF SERVICE**

**DEBRA FREEMAN, United States Magistrate Judge:**

       The Court having issued an Order on October 21, 2020 (Dkt. 28), directing, *inter alia*, that Officer Anthony Tortorice and Officer Stephen Streicher be deemed substituted for the "John Doe" defendants identified in the Amended Complaint by Shield Nos. 3271 and 3281, respectively; and this Court having further directed that the Port Authority of New York and New Jersey (the "Port Authority") inform plaintiff Juan Pablo Chavez ("Plaintiff") and the Court as to whether defendants Tortotice and Streicher would waive service of process of the Amended Complaint or agree to accept service of process through counsel; and this Court having further informed Plaintiff that, if these defendants would not agree to waive service or accept service through counsel, and if Plaintiff (who is proceeding in this action *pro se* and *in forma pauperis* ("IFP")) then wished to obtain the assistance of the U.S. Marshals Service in effecting service, he should request this assistance from the Court; and as the Port Authority, through counsel (who also serves as counsel for defendant Sgt. Finney in this action) having then informed the Court that he was unable to secure the consent of defendants Tortorice or Streicher to waive service of process or to accept service of process through counsel (Dkt. 29); and counsel having also communicated with Plaintiff directly to inform him of this; and Plaintiff having responded to counsel's communication by requesting the assistance of the Marshals Service in serving process

on these defendants;[1] and, at this Court's direction (*see* Dkt. 30), counsel having provided the Court with service addresses for these defendants; it is hereby ORDERED as follows:

    1.    As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the Marshals Service to effect service on the newly identified defendants.  *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P 4(c)(3) (providing that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    2.    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the operative complaint is filed, the Court may extend that time, where circumstances so warrant.  Here, as Plaintiff has only recently been made aware of the identities of the defendant officers identified in the Amended Complaint by their shield numbers, and has even more recently been informed of the fact that these defendants are not waiving service, this Court will extend the time to serve these two defendants to 90 days after an Amended Summons is issued.  If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d

---

[1] At a case management conference held by this Court on November 24, 2020, Plaintiff informed this Court that he had attempted to email this request to the Court's *Pro Se* Office, with a copy to counsel for the Port Authority.  Counsel confirmed receipt of such an email from Plaintiff, and, on this Court's directive (*see* Dkt. 30), forwarded a copy to Chambers.  Plaintiff's email states, in relevant part:  "Please grant Plaintiff's wish for service on the identified Doe defendants by the Marshals in light of his *in forma pauperis* status?"  This Court will accept this as a request by Plaintiff for the assistance of the Court and the Marshals Service in effectuating service of the Amended Complaint on the two newly named defendants.

Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

3. To allow Plaintiff to effect service of the Amended Complaint on defendants Tortorice and Streicher through the Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants, with the addresses provided by the Court.  The Clerk of Court is further instructed to issue an Amended Summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.  This paperwork should include a copy of this Court's Order of October 20, 2020 (Dkt. 28) (which explains that defendants Tortorice and Streicher are deemed substituted for the "John Doe" defendants identified therein by shield numbers), and the Marshals Service is directed to serve a copy of that Order together with the Amended Complaint.

4. The Clerk of Court is also directed to mail a copy of this Order to Plaintiff, at the address shown below.

Dated: New York, New York
       November 30, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Juan Pablo Chavez
c/o Reason, Law and Logic
151 1st Ave., #270
New York, NY  10003

Defense counsel (via ECF)