UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN PABLO CHAVEZ,

                Plaintiff,

        v.                                    No. 19-CV-4109 (RA)

SERGEANT WILLIAM FINNEY and            ORDER
OFFICER STEPHEN STREICHER,

                Defendants.

RONNIE ABRAMS, United States District Judge:

On September 5, 2024, the Court received, via email, a submission from Plaintiff labeled "Scan 09-05-24," along with three photo images. A copy of Plaintiff's submission is attached to this Order. The Court construes Plaintiff's motion as seeking to appear remotely for "the limited purposes of the 9/6 pretrial" conference.

Plaintiff's motion to appear remotely at the pretrial conference scheduled for September 6, 2024 at 2:30 p.m. is granted. All parties shall appear via Microsoft Teams. Members of the public may call into the conference at the following audio-only line: (646) 453-4442; Passcode: 932 330 604#. A video link will be sent to the parties prior to the conference.

The Court reminds Plaintiff, however, that he **MUST ATTEND TRIAL IN-PERSON ON SEPTEMBER 9, 2024.** To the extent Plaintiff contemplates filing a motion to appear remotely at trial, the Court will deny the motion.

It is within the district court's discretion to order a pro se plaintiff to appear in person to prosecute his case. *See Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020) (explaining that "[u]nder Federal Rule of Civil Procedure 43(a), [a] judge has discretion to allow live testimony by

video for good cause in compelling circumstances and with appropriate safeguards" or to deny remote appearance) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 43(a). Where a plaintiff is pro se, his absence at trial "could . . . pose[] an insurmountable hurdle" to the prosecution of the case. *Rodriguez*, 974 F.3d at 114; *see also Brown v. Wright*, No. 05-cv-82, 2008 WL 346347, at *4 (N.D.N.Y. Feb. 6, 2008) (explaining that a plaintiff "proceeding pro se, must, of course, appear in person at trial both to present his claims and to testify concerning them"); *see also Kuar v. Mawn*, No. 08-cv-4401, 2012 WL 3808620, at *9 (E.D.N.Y. Sept. 4, 2012). Because, in Plaintiff's "absence, the trial cannot proceed," it would be "unreasonable and unfair to both defendants and the Court to refrain from dismissal if there exists no reasonable possibility that [the plaintiff] will appear in person for trial." *Brown*, 2008 WL 346347, at *4.

While the Court appreciates Plaintiff's pro se and IFP status, it notes that both the Pro Se Office of the Southern District of New York and the Court made efforts to find Plaintiff counsel on two occasions, which would have obviated the need for Plaintiff to appear in person. Plaintiff declined to formally retain the first counsel. Plaintiff terminated his relationship with the second counsel weeks before trial was to begin.

For the reasons stated above, **the Court warns Plaintiff**—as it has numerous times in the weeks leading up to the trial date—**that if he fails to appear for trial in person** at 40 Foley Square New York, NY 10007, in courtroom 1506 on September 9, 2024 at 9:45 a.m., **the case will be dismissed for failure to prosecute** under Federal Rule of Civil Procedure 41(b). Should Plaintiff fail to appear remotely via Microsoft Teams for the pretrial conference scheduled for September 6, 2024, the Court will likewise dismiss his case under Rule 41(b).

The Court will send a courtesy copy of this Order to Plaintiff via email. Additionally, the Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   September 5, 2024
         New York, New York

                                              _____
                                              Hon. Ronnie Abrams
                                              United States District Judge

1
2   United States District Court
3   for the Southern District
4        of New York

5   CHAVEZ, pro se
    ifp pbp plaintiff
6        v.
7   Sgt. Finney; officer Stephen
8   Streicher; & the
9   RED CROSS possi.
10       defendants

19-civ-4109 (RA)

MOTION

for Remote Appearance

11   What authority/ies does Your Honor have to
12   grant Plaintiff access to court remotely for
13   the limited purposes of the 9/6 pretrial?

14   Relief sought.
15   Exercise remote app. auth.
16   by granting, 52.50 gravely
17   disabled, plaintiff's wish

12:40 pst / wed sept. 4, 202
#skidrow DTLA

# UNITED STATES COURT OF APPEALS
## FOR THE _____ CIRCUIT

**Form 4. Motion and Affidavit for Permission to Proceed in Forma Pauperis**

*Instructions for this form:* http://www.__.uscourts.gov/forms/form04instructions.__

**Cir. Case Number(s):** Interlockastory COA

**Case Name:** CHAVEZ v. FIN...; et al.

**Affidavit in support of motion:** I swear under penalty of perjury that I am financially unable to pay the docket and filing fees for my appeal. I believe my appeal has merit. I swear under penalty of perjury under United States laws that my answers on this form are true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

**Signature:** [signed]    **Date:** 9/5/24

The court may grant a motion to proceed in forma pauperis if you show that you cannot pay the filing fees **and** you have a non-frivolous legal issue on appeal. Please state your issues on appeal. (*attach additional pages if necessary*)

> plain-app promises to expidite the time for trial / pro se re-trial, and raises controlling questions of law (ie.) "ONLY"? see McFadden v. USDA 24-CV-1172 (UNI) D.C. Dist.
>
> plaintiff seeks abuse of discretion / de novo; among other rights of review and moves to STAY MANDATE pursuant to FRAP for tea sum ting.

Feedback or questions about this form? Email us at __s@c__.uscourts.gov

Form 4                               1                           Rev. 12/01/2018





