UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN PABLO CHAVEZ,

                Plaintiff,

      v.

SERGEANT WILLIAM FINNEY and
OFFICER STEPHEN STREICHER,

                Defendants.

No. 19-CV-4109 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Juan Chavez, proceeding pro se, brought this 2019 civil rights lawsuit against Defendants. Plaintiff failed to attend trial, which was scheduled to begin on September 9, 2024. For the reasons that follow, the Court dismisses this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

    On May 7, 2019, Plaintiff, proceeding pro se, initiated a civil rights lawsuit against Sergeant William Finney, Officer Stephen Streicher, and additional Defendants. On March 23, 2022, the Court granted Defendants' motion for summary judgment in part and denied it in part. The Court held that there was a material dispute of fact as to Plaintiff's claim for First Amendment retaliation under 42 U.S.C. § 1983, and allowed that claim to proceed to trial. Following summary judgment, the Court made efforts to provide Plaintiff with pro bono counsel. In February 2023, the Southern District's Pro Se Office arranged for Hughes Hubbard & Reed LLP serve as pro bono counsel for Plaintiff. Plaintiff never officially retained that firm, instead indicating that he did not wish to proceed with that firm as counsel. The Court tried again earlier this year, when it arranged

for Wigdor LLP to represent Plaintiff pro bono, and Plaintiff retained that firm for a short time. While Plaintiff was represented, the Court granted his request to reopen discovery for the limited purpose of taking the depositions of witnesses who planned to testify at trial. *See* ECF No. 107. On May 10, 2024, the Court adjourned the trial, then scheduled for May 20, 2024, to September 9, 2024. *See id.* Plaintiff subsequently terminated Wigdor, and the firm moved to withdraw as counsel on July 12, 2024, which the Court granted on July 17, 2024. *See* ECF Nos. 113, 114, 117.

Following the withdrawal of Plaintiff's counsel, the Court issued an order stating that "Mr. Chavez has now declined representation on multiple occasions" and "should be prepared to proceed with trial pro se." ECF No. 117. The Court reminded Plaintiff that trial was to begin on September 9, 2024, and ordered that, should Plaintiff seek to depose trial witnesses on the remaining issues, he must file a letter addressed to Magistrate Judge Aaron no later than July 26, 2024. *See id.* Plaintiff filed no such letter.

The Court warned Plaintiff numerous times that his appearance in person at the Courthouse was required for trial, and that, should he fail to appear, the Court would dismiss his case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See* ECF Nos. 115, 125, 126, 130, 131. The Court also warned Plaintiff that it would dismiss his case for failure to prosecute if he did not appear in person for the final pretrial conference, *see* ECF Nos. 118, 125, but granted his last-minute request to appear remotely in light of his IFP and pro se status, *see* ECF No. 126. During the final pretrial conference, the Court clearly and explicitly explained that, should Plaintiff fail to appear in person for trial, it intended to dismiss the case with prejudice.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b);

2

*see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute."). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant[] [is] likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Dismissing an action "is the harshest of sanctions," and it "must be proceeded by particular procedural prerequisites." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013). Additionally, "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209.

## DISCUSSION

After weighing the above factors, the Court determines that dismissal of this action with prejudice pursuant to Rule 41(b) is appropriate.

As to the first factor, Plaintiff has known about the trial date for four months, since May 10, 2024, when the Court adjourned the May 20th trial date after he obtained counsel. And he has been explicitly advised numerous times over the past month that his failure to appear in person for the trial would result in the dismissal of this action. *See* ECF Nos. 107, 118.

As to the second factor, the Court has provided Plaintiff with notice that his appearance in Court for trial was mandatory and that his case would be dismissed if he did not comply. *See* ECF Nos. 118, 125, 126, 130, 131. The Court mailed these Orders to Plaintiff, and additionally emailed

3

Plaintiff courtesy copies of all the Orders issued in September. Plaintiff has communicated with the Court via email on numerous occasions, and thus, the Court knew that Plaintiff had a working email address that he was able to access. Furthermore, at the final pretrial conference on September 6, 2024, the Court clearly advised Plaintiff that, should he fail to appear at the trial, the case would be dismissed with prejudice.

As to the third factor, the Court concludes that, at this late stage in the litigation—which has been pending for over five years—Defendants would be prejudiced by a further delay in the proceedings. This is not a scenario in which Defendants have not yet engaged substantively in defending against Plaintiff's claims. To the contrary, Defendants have already expended time and resources preparing for trial.

As to the fourth factor, the Court, too, has expended resources since 2019 managing this case and preparing for trial. The Court has also either delayed or adjourned the trial multiple times for Plaintiff's benefit. For example, following the Court's March 23, 2022 decision on Defendants' summary judgment motion, the Court, per Plaintiff's request, granted him an extension to file a reconsideration motion or other motion in response to the Court's ruling (though Plaintiff ultimately never filed any such motion). *See* ECF No. 75. In February 2023, it identified a firm willing to represent Plaintiff pro bono (though Plaintiff ultimately declined to retain the firm).

On April 19, 2023, the Court explained to the parties that it "hope[d] to proceed to trial as soon as possible," "[g]iven the age of [the] case." *Id.* The Court scheduled a telephonic conference to discuss the steps leading up to trial. ECF No. 76. Plaintiff failed to appear at the conference. *See* ECF No. 77. The Court rescheduled the conference and warned Plaintiff that his failure to appear could result in dismissal under Federal Rule of Civil Procedure 41(b). *See id*. Plaintiff again failed to appear and did "not otherwise communicate[] with the Court in over a year." ECF No. 78. On

4

June 13, 2023, the Court received a letter with a notice of change of address from Plaintiff stating that he had been "wrongfully imprisoned in California for 5 months beginning a week before 2023," and it therefore rescheduled the telephonic conference. ECF No. 80. Plaintiff again failed to appear, but filed a letter that day updating his address and indicating that he was in a state facility in California. *See* ECF No. 82. The Court then afforded Plaintiff "one final opportunity to indicate whether he still plans to prosecute this action, and if so, when he will be available for trial," and warned him that a failure to respond "*will* result in dismissal." *Id.* (emphasis added). In early September 2023, Plaintiff responded that he was available for trial in October or November 2023. *See* ECF No. 85. Less than two weeks later, however, Plaintiff indicated that he would not be available for trial until May or June 2024. *See* ECF No. 88. In November 2023, the Court thus scheduled the trial to begin on May 20, 2024. *See* ECF No. 94. The parties filed pretrial submissions in April 2024. *See* ECF Nos. 96–100.

All the while, the Court continued to seek pro bono counsel to represent Plaintiff while simultaneously advising him that he would have to proceed pro se if counsel could not be secured in time. *See* ECF No. 92. Just weeks before the May 2024 trial was supposed to begin, attorneys from Wigdor LLP entered an appearance to represent Plaintiff. *See* ECF Nos. 102–03. In light of the fact that Plaintiff had newly retained counsel, the Court adjourned the trial to September 2024. *See* ECF No. 106. The Court additionally granted Plaintiff the opportunity to reopen discovery in order to depose trial witnesses on the remaining issues in the case. *See* ECF No. 107. Once Plaintiff terminated his relationship with counsel and they subsequently withdrew, the Court advised Plaintiff on July 17, 2024, that he was expected to represent himself pro se at the trial scheduled on September 9, 2024. *See* ECF No. 117.

The Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding," and, at this point, given the Court's numerous accommodations, delays, and adjournments, dismissal is the best course of action toward that purpose. Fed. R. Civ. P. 1.

As to the fifth factor, the Court has considered less drastic sanctions, but finds them insufficient. First, the Court declines to further adjourn the trial in this five-year-old case. As discussed, the Court has already adjourned this trial in order to provide Plaintiff with pro bono counsel and to allow him further opportunity to take pretrial discovery—both of which he ultimately declined. Additionally, the Court provided Plaintiff with adequate notice that the action would be dismissed if he did not attend trial.

The Court has also considered Plaintiff's request to appear telephonically or via Microsoft Teams. *See Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020) ("Under Federal Rule of Civil Procedure 43(a), the judge has discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards." (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 43(a). Given that Plaintiff plans to present his own case, however, his absence at trial "pose[s] an insurmountable hurdle." *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020); *see also Brown v. Wright*, No. 05-cv-82, 2008 WL 346347, at *4 (N.D.N.Y. Feb. 6, 2008) (explaining that a plaintiff "proceeding pro se, must, of course, appear in person at trial both to present his claims and to testify concerning them"); *see also Kuar v. Mawn*, No. 08-cv-4401, 2012 WL 3808620, at *9 (E.D.N.Y. Sept. 4, 2012). Because, in Plaintiff's "absence, the trial cannot proceed," it would be "unreasonable and unfair to both [D]efendants and the Court to refrain from dismissal." *Brown*, 2008 WL 346347, at *4.

Finally, although the Court advised Plaintiff at the final pretrial conference that if a jury has been summoned but the case does not proceed to trial, it "may, in its discretion, assess the parties . . . with the cost of one day's attendance of the jurors" under Local Civil Rule 47.1, it declines to do so or otherwise impose any further sanctions upon this pro se litigant.

## CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to close this case.

SO ORDERED.

Dated:    September 9, 2024
          New York, New York

                                                    _____
                                                    Hon. Ronnie Abrams
                                                    United States District Judge